The judgment of the court was pronounced by
Rost, J.
Moses Tyler, the under-tutor of the minors whom the plaintiff now represents, instituted an action against P. A. Walker, the former tutor of said minors, to deprive him of the tutorship, and to compel him to render an account of his administration. Thomas Green Davidson signed the petition as his counsel, and attended to the suit as such.
Walker subsequently resigned the tutorship, and before another tutor was appointed he deposited in the hands of the defendant, who was then parish judge, certain promissory notes belonging to the minors. The defendant gave those notes to Davidson for collection, and took the two receipts upon which this action is brought. The plaintiff asks that the notes be returned, or the defendant adjudged to pay the amount thereof with interest. There was judgment in his favor, and the defendant appealed.
The receipts, upon which the action is based, show that a note of D. D. Avery for three hundred dollars, and -Twnard’s note for seventy-five dollars were collected by Davidson, and applied by him to the payment of his fee in the case of Moses Tyler v. Walker, by order of the under-tutor Tyler. The plaintiff objects to this appropriation of the funds on two grounds': 1st. That the under-tutor was without authority to receive and control the assets of the minors ; and *166 that the defendant, as depositary, is liable for an illegal disposition of the property deposited. 2d. That Davidson was absent when the case of Tyler v. Walker was tried, and is entitled to no compensation.
As a general rule under-tutors are without authority to receive and control the assets of the minors. But in the cases provided by law, they have power to employ counsel to institute the proceedings necessary to deprive the tutor of the tutorship, and to protect the property of the minors from dilapidation and waste. That power necessarily implies the further power of stipulating with the counsel employed a proper compensation. In this case it is proved, that five hundred dollars would have been a reasonable compensation for attending to the suit of Tyler v. Walker; and the under-tutor has only allowed $375. The amount being reasonable, if Davidson was entitled to compensation, he could not be compelled to refund it on account of the informal manner in which it came to his hands. The payment, on that hypothesis, is valid, and operates a discharge of the defendant pro tanto.
But it is said that the debt was not due, by reason of Davidson’s neglect to attend the trial. The party who employed him did not raise that objection; nor was it raised by the present plaintiff in the action which he brought to annul the judgment rendered in that case. His petition on the contrary goes far to exonerate Davidson from the negligence now alleged, and expressly admits that the cause was improperly-tried in his absence, and when he had no right to expect that it would be tried. It may be remarked that Davidson represented the plaintiff in the action, and that, if he failed to appear, the only judgmeut which could be legally rendered was one dismissing the petition.
The allowance appears to have been made in good faith by the under-tutor, and the defendant is entitled to the benefit of it. The amount of it deducted from the judgment appealed from leaves a balance of $24 40, -for which the defendant has not accounted.
It is therefore ordered, that the judgment in this case be reversed; and that there be judgment in favor of the plaintiff for $24 40, with the costs of the district court; those of this appeal to be paid by the plaintiff and appellee.